Michael Keselica
P.O. Box 3801
Newport, Rhode Island 02840
Plaintiff - Pro Se
mickeykeselica@gmail.com

FILED
2014 JAN -7 A 11:46
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA, individually and as )
a shareholder on behalf of HEALTH )
MANAGEMENT GROUP, INC., a Rhode )
Island corporation and US MEDICAL )
HOME, INC., a Delaware corporation, )
)
              Plaintiffs )
)
vs. )
)
SYED S. NAQVI, individually and as an )
officer of Amroha Engineering, Inc., )
AMROHA ENGINEERING, INC., a )
California corporation, EJAZ NAQVI, )
individually and as an officer of Alliance )
Home Health Care, Inc., FARHANA )
NAQVI, individually and as an officer of )
Alliance Home Health Care, Inc., )
ALLIANCE HOME HEALTH CARE, INC.,)
a California corporation. )
)
              Defendants )
_____)

CA 14- 07 S

Case No. _____

**COMPLAINT**

Michael Keselica (Plaintiff) brings this shareholder derivative action individually and on behalf of Health Management Group, Inc. and US Medical Home, Inc. against Syed Naqvi, Amroha Engineering, Inc., Ejaz Naqvi, Farhana Naqvi, and Alliance Home Health Care, Inc. (collectively "Defendants"), and in support thereof state as follows:

1. Plaintiff Michael Keselica ("Keselica"), a Rhode Island resident, is a shareholder in Health Management Group, Inc., a Rhode Island corporation and a shareholder in US Medical Home, Inc., a Delaware corporation, headquartered in Providence, Rhode Island.

2. Health Management Group ("HMG") is a Rhode Island incorporated healthcare consulting firm, headquartered in Providence, Rhode Island.

3. US Medical Home ("USMH") is a Delaware incorporated home health care company, headquartered in Providence, Rhode Island.

4. Defendant Syed Naqvi, is a resident of Contra Costa County, California, who resides at 5210 Cutter Lane, Richmond, California; the Registered Agent and Vice President of Amroha Engineering, Inc.; the brother of Defendant Ejaz Naqvi; the brother-in-law to Defendant Farhana Naqvi; and an advisor to Alliance Home Health Care, Inc.

5. Defendant Amroha Engineering, Inc. ("Amroha"), is a California incorporated systems integrator, headquartered at the residence of Defendant Syed Naqvi.

6. Defendant Farhana Naqvi is a resident of Contra Costa County, California, who resides at 441 Silver Hollow Drive Walnut Creek, CA; the President and Registered Agent of Alliance Home Health Care, Inc.; and wife of Defendant Ejaz Naqvi.

7. Defendant Ejaz Naqvi is a resident of Contra Costa County, California, who resides at 441 Silver Hollow Drive Walnut Creek, CA; the Vice President of Alliance Home Health Care, Inc.; husband to Defendant Farhana Naqvi; and brother of Defendant Syed Naqvi.

8. Defendant Alliance Home Health Care Inc. ("Alliance"), is a California incorporated home health care company and client of Defendants Amroha and Syed Naqvi.

9. In or around the summer of 2012, HMG entered into discussions with Alliance

concerning the potential sale of Alliance to US Medical Home, Inc., which is headquartered in Providence, Rhode Island.

10. Pursuant to those discussions, HMG and Alliance entered into a Confidentiality Agreement on July 12, 2012. This Agreement requires HMG and Alliance, including, but not limited to, its affiliates, employees, officers, agents, and directors and employees: (i) to keep all proprietary information obtained during discussions of the potential sale as confidential; (ii) to obtain written mutual consent of both parties before engaging in any public discourse concerning the potential transaction; and (iii) limit the use of any proprietary information obtained only for the purposes set forth in the Confidentiality Agreement.

11. Alliance utilized the services of family member, Syed Naqvi, of Amroha Engineering, Inc. as its advisor in the transaction to purchase US Medical Home, Inc.

12. HMG and Alliance entered into a Consulting Agreement on July 23, 2012 and a Business Associate Agreement on July 20, 2012, providing that HMG was retained as a consultant for the purposes of engaging in due diligence concerning the acquisition of Alliance by US Medical Home, Inc.

13. USMH and Alliance entered into a Letter of Intent ("LOI") on October 21, 2012. Said LOI affirmed the obligations of the parties (Defendants and Plaintiffs) under the confidentiality agreements already in place.

14. Defendant Syed Naqvi, at the urging of his brother, Defendant Ejaz Naqvi, and as an advisor to Defendant Alliance since July 2012, purchased USMH stock on November 20, 2012 and on December 5, 2012.

15. Unhappy with the projected IPO date for USMH, Defendant Syed Naqvi began to threaten USMH and its directors in an attempt to extort one hundred and sixty thousand dollars ($160,000) from USMH.

16. Realizing that USMH would not comply with Defendant Syed Naqvi's demands, Defendant Syed Naqvi, subsequent to execution of the Confidentiality Agreement, began contacting third parties regarding Plaintiffs' plans, thereby breaching the Confidentiality Agreement in place.

17. Furthermore, Defendant Syed Naqvi not only breached the Confidentiality Agreement in place but this Defendant began a campaign to derail USMH's plans to become a publicly-traded company by contacting potential IPO underwriters of USMH, competitors intent on stealing USMH's plans and ideas, and publicly revealing Plaintiffs' plans.

18. As a result of Defendant Syed Naqvi's malicious actions and continued breach of confidentiality against US Medical Home, Inc., USMH halted the planned acquisition of Defendant Alliance, pending the assessment of damage initiated by Defendant Syed Naqvi's tortious interference.

19. Subsequently, Defendant Syed Naqvi, filed a *pro se* lawsuit against USMH and officers, directors and/or investors of USMH in the Superior Court of Contra Costa County, California, wrought with material misstatements of fact and false representations, along with a perjured Declaration by Defendant Syed Naqvi. Said complaint also contained certain confidential and proprietary information in direct violation of the confidentiality agreements in place between Defendants and Plaintiffs.

The blatant disregard by Defendants to the binding agreements in place and subsequent bad acts has necessitated the present action before this Court.

## COUNT ONE
(Breach of Contracts – All Defendants)

20. Plaintiff hereby incorporates Paragraphs 1 - 19 into this Count One as if expressly set forth herein.

21. Plaintiffs and Defendants entered into the Confidentiality Agreement pursuant to which the parties agreed that certain information concerning the potential acquisition of Alliance by US Medical Home, Inc. would be kept confidential.

22. Defendants breached the Confidentiality Agreement by, *inter alia*, contacting other persons and companies in the home health industry during and after the pendency of the transaction to share the plans of US Medical Home, Inc. and to subsequently slander and defame USMH, HMG and Michael Keselica (See Count 4 below). Defendant Syed Naqvi also published, with the knowledge of Defendant s Alliance, Ejaz Naqvi and Farhana Naqvi, proprietary and protected information of Plaintiffs.

23. As a direct and proximate result of Defendants' blatant breaches of contract, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT TWO
(Conspiracy – All Defendants)

24. Plaintiff hereby incorporates Paragraphs 1 - 19 into this Count Two as if expressly set forth herein.

25. Defendants conspired to derail USMH's confidential initial public offering under the April 5, 2012 JOBS ACT by, but not limited to, sharing confidential information regarding Plaintiffs' plans and strategy to competitors and the general public in harming Plaintiffs' business interests and insuring that Plaintiffs could no longer conduct business.

26. As a direct and proximate result of Defendants' conspiracy to take or thwart USMH's plans and bankrupt USMH, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT THREE
(Intention to Defraud - All Defendants)

27. Plaintiff hereby incorporates Paragraphs 1 - 19 into this Count Three as if expressly set forth herein.

28. Defendants set in motion their intent to defraud Plaintiffs when they individually and collectively breached confidentiality agreements in place and shared Plaintiffs' plans and strategy in moving forward to deliberately damage and destroy Plaintiffs' business interests and plans.

29. As a direct and proximate result of Defendants' intent to defraud Plaintiffs, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT FOUR
(Defamation *Per Se* - Defendant Syed Naqvi)

30. Plaintiff hereby incorporates Paragraphs 1 - 19 into this Count Four as if expressly set forth herein.

31. Defendant Syed Naqvi made written and oral statements concerning Plaintiffs that are facially libelous, without privilege, to third parties.

32. Defendant Syed Naqvi knew, anticipated, foresaw and intended that these statements could and would be read by persons throughout the United States, and the declaration and publication of these statements have adversely affected Plaintiffs' reputation and affected Plaintiffs in their trade, business and profession. Publication and declaration of these statements has also caused Plaintiff Michael Keselica to suffer damage in his personal capacity.

33. These statements were published with knowledge of their falsity or in reckless disregard thereof, and the publication and declaration of these statements have proximately caused Plaintiffs to suffer general and special damages in an amount to be determined at trial.

34. Plaintiffs are entitled to an award of punitive damages as a result of this intentional and malicious libelous conduct of Defendants.

### COUNT FIVE
(Intentional [Tortious] Interference with Contractual and Business Relationships – All Defendants)

35. Plaintiffs hereby incorporates Paragraphs 1- 19 into this Count Five as if expressly set forth herein.

36. Plaintiffs were to benefit from valid contractual and business relationships with several entities at or around the time of Defendants' contractual and business interference.

37. Defendants were aware of these contractual and business relationships.

38. Upon information and belief, Defendants intentionally interfered with these business and contractual relationships. This interference includes, but is not limited to, the use of false and defamatory statements concerning Plaintiffs to Plaintiffs' customers, past, present and future, with the design to impact Plaintiffs' gain from these business relationships and Defendants' actions to compete directly with Plaintiffs, using Plaintiffs' contractually protected proprietary information (See Count 1 above).

39. As a result of Defendants' tortiously violative actions, Plaintiffs have suffered: a significant loss of business, including a pending SEC S-1 Registration, the loss of several engagements in a potential or pending status which were canceled, with the result of a loss of significant consulting fees; future valuation; and potential liability.

40. Plaintiffs are entitled to compensatory damages in an amount to be determined at trial as a result of this interference. These damages include, but not limited to, damage from the impacted business relationships, diminished future valuation, possible future liability and emotional distress arising as a direct and proximate result of Defendants' intentional conduct.

41. Plaintiffs are likewise entitled to an award of punitive damages as a result of the intentional and malicious conduct of Defendants.

**COUNT SIX**
(Fraud - False Representations – Material Misstatements of Fact – All Defendants)

42. Plaintiff hereby incorporates Paragraphs 1 - 19 into this Count Six as if expressly set forth herein.

43. Defendant Syed Naqvi filed a perjured declaration, along with sixty-seven (67) paragraphical false statements and material misstatements of fact in a complaint filed *pro se* by Defendant Syed Naqvi in the Superior Court for Contra Costa County, California, MSC13-02414, on November 18, 2013.

44. It is upon information and belief that Defendants Ejaz Naqvi and Farhana Naqvi, individually and as officers and directors of Defendant Alliance, provided Defendant Syed Naqvi individually and as an officer and director of Defendant Amroha, with false statements in the promulgation of a false cause of action against Plaintiffs.

45. Furthermore, Defendants are attempting to harm Plaintiffs with these false representations and material misstatements of fact, in fabricating a cause of action against Plaintiffs but, most importantly, attempting to seek a default by Plaintiffs by compelling Plaintiffs to defend a fictitious complaint thousands of miles away.

46. As a direct and proximate result of Defendants' fraudulent conduct, false representation

and material misstatements of fact, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT SEVEN
(Negligence – All Defendants)

47. Plaintiff hereby incorporates Paragraphs 1 - 19 into this Count Seven as if expressly set forth herein.

48. Defendants Ejaz Naqvi, Farhana Naqvi and Alliance utilized the services of a relative, Defendant Syed Naqvi and his company, Defendant Amroha, to consult, advise and provide due diligence on a pending acquisition of their home health care company, Alliance, by USMH. However, Defendant Syed Naqvi is not an attorney or an investment banker and said reliance by these Defendants on an unlicensed individual was negligent and has resulted in harm and damages to Plaintiffs. These Defendants never previously disclosed to Plaintiffs that they were relying on an unlicensed relative to save money during the pendancy of the potential acquisition of Defendant Alliance by USMH.

49. Defendant Syed Naqvi was negligent in not validating information presented to him by third parties before revealing said information to individuals and companies, thus causing harm and damages to Plaintiffs. Additionally, Defendants Syed Naqvi and Amroha, as acquisition advisors to Defendants Ejaz Naqvi, Farhana Naqvi and Alliance, never once asked a question of Plaintiffs, never once requested due diligence information from Plaintiffs and never once identified themselves as advisors to Alliance for a potential acquisition by USMH. Finally, Defendants Syed Naqvi and Amroha, as experienced investors, never once conducted due diligence on Plaintiffs or requested supporting documentation. These Defendants relied solely on the recommendation of Defendants Alliance, Ejaz Naqvi and Farhana Naqvi to transact business

with Plaintiffs. Neither of those Defendants are licensed investment bankers or attorneys.

50.  As a direct and proximate result of Defendants' negligence, Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant compensatory damages in the amount of one hundred fifty million dollars ($150,000,000.00), the value of USMH's Initial Public Offering ("IPO"), as defined on USMH's S-1 SEC Registration Statement; other compensatory damages to be ascertained during trial and pre-trial discovery; punitive damages in an amount to be determined at trial; pre-judgment and post-judgment interest; costs of this action, including reasonable attorneys' fees; and such other relief as the Court deems proper and just.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to any issue so triable.

Respectfully submitted,

_/s/ Michael Keselica_

Michael Keselica, individually
and as a shareholder on behalf of:
Health Management Group, Inc.
and US Medical Home, Inc.
P. O. Box 3801
Newport, Rhode Island  02840
Plaintiff - Pro Se