FILED

2014 MAY 30 A 9:12

U S DISTRICT COURT
DISTRICT OF RHODE ISLAND

Michael Keselica
P.O. Box 3801
Newport, Rhode Island 02840
Plaintiff - Pro Se
mickeykeselica@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL KESELICA, individually and as shareholder of HEALTH MANAGEMENT GROUP, INC., a Rhode Island corporation and US MEDICAL HOME, INC., a Delaware corporation,<br>Plaintiffs<br>vs.<br><br>SYED S. NAQVI, individually and as an officer of Amroha Engineering, Inc., AMROHA ENGINEERING, INC., a California corporation, EJAZ NAQVI, individually and as an officer of Alliance Home Health Care, Inc., FARHANA NAQVI, individually and as an officer of Alliance Home Health Care, Inc., ALLIANCE HOME HEALTH CARE, INC., a California corporation.<br>Defendants | C. A. NO. 14-00007-M-PAS<br><br>**PLAINTIFF REPLY TO DEFENDANTS OBJECTION TO PLAINTIFF'S LEAVE TO WITHDRAW COMPLAINT WITHOUT PREJUDICE** |

NOW COMES Plaintiff Michael Keselica (hereinafter "Plaintiff"), pro se, and replies to Defendants' Objection to Plaintiff's Leave to Withdraw Complaint without Prejudice, in the above captioned case and in support thereof states the following:

Defendants should not be prejudiced by Plaintiff's request to withdraw his complaint, but instead should be relieved, as Plaintiff not only demonstrated that the breaches of confidentiality and ensuing harm did in fact occur in the State of Rhode Island, as affirmed to by Defendant Syed Naqvi, but that Defendants lied to this Court regarding their lack of contact with the State

of Rhode Island, as well documented in Plaintiff's Response. Defendant Ejaz Naqvi stated that his only contact with this forum was an isolated fax and Naqvi did not know he was doing business with a Rhode Island company in the State of Rhode Island but as documented in Plaintiff's Response, Naqvi was not honest and candid with this tribunal, as Naqvi fedexed documents and agreements, including the NDA breached by Defendants, to Plaintiffs, in Rhode Island, called Plaintiff repeatedly in Rhode Island and executed agreements with US Medical Home, to include a stock purchase agreement, that stated a Rhode Island address for this entity.

Furthermore, Counsel for Defendants never objected to Plaintiff's pro se shareholder derivative action on behalf of Health Management Group, Inc. and US Medical Home, Inc.

Plaintiff relishes the opportunity to litigate this case and to seek damages against Defendants for their tortious conduct, however, apparently the ability of Plaintiff to continue to litigate this shareholder derivative action pursuant to ***Wilheim v. Murchison***, 206 F. Supp. 733 (S.D.N.Y.) will not happen.

Counsel for Defendants also state in their Objection that Plaintiff's Leave to Withdraw "*is simply an attempt by the plaintiffs to achieve an end-around this Court's April 14, 2014, order, ...* " Plaintiff does not know how that would occur. In line with this Court's April 14, 2014 Order ("Order"), Plaintiff merely is withdrawing his complaint as he cannot procure counsel pursuant to this Court's Order.

Finally, in part, because of Defendant Syed Naqvi's calculated breaches of the NDA in place between all parties and the resulting harm, Plaintiffs are left financially unable to retain counsel.

WHEREFORE, in the interest of justice and for good cause shown Plaintiff respectfully

requests this Court to Grant Plaintiff's leave to withdraw his complaint without prejudice.

By: _____
Michael Keselica
Plaintiff - Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2014, a copy of the foregoing was mailed postage prepaid first class to Rajaram Suryanarayan, Esquire, Gunning & Lafazia, Inc., 33 College Hill Road, Suite 25B, Warwick, Rhode Island 02886.

_____
Michael Keselica, Plaintiff
Pro Se